R. A. ARKENBURGH, JR. *v.* H. M. HUDSON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—518.]

**Power of Legislature to Provide for Taxation.**

The legislature has undoubted right to make provisions as to the funds and revenues of a municipal corporation. Its power to regulate taxes is supreme provided it keeps within constitutional limits, and it had the right to authorize a precinct to compromise and settle its debt.

**Liability of Taxpayer.**

A property owner in a precinct, which has executed its bonds to build a railroad, is liable the same as all other property owners of said precinct.

APPEAL FROM McLEAN CIRCUIT COURT.

January 23, 1886.

OPINION BY JUDGE HOLT:

In 1868 precinct No. 3 of McLean county, by virtue of a legislative act, which had been approved by a vote of its people, issued

its bonds to the Owensborough and Russellville Railroad Company for $50,000, payable in five, ten, fifteen and twenty years, and which bonds were sold by said company. By the act all of the property of the precinct which was taxable for revenue purposes was subject to assessment for the purpose of paying the interest on the bonds and raising a sinking fund for their payment. Beginning with 1871 and up to and including 1876 the tax was levied and collected; but after the last named year, although the assessment was made each year, it was not collected, owing to some of the taxpayers bringing a suit to prevent it; and when it was decided adversely to them, the appointing power created by the act of the legislature failed to appoint a collector.

Thus matters stood until April 13, 1880, when another act was passed by the legislature authorizing the precinct to fund the debt through a "funding board," to be elected by the voters of the precinct, by the issue of new bonds. It also provided that an annual tax should be levied upon the taxable property of the precinct to pay the interest on the new bonds and to create a sinking fund for their payment; and if the taxpayer did not pay his tax by the first day of December following the assessment ten per cent. upon it was also to be collected from him. The board was elected in August, 1880; in January, 1884, it compromised the debt at 70c to the dollar; the bonds were issued and an assessment made for the precinct for 1884 of $2.30 on each $100 worth of property.

The appellant bought an unimproved lot in the precinct in 1882, upon which he has erected valuable improvements; and he is resisting the payment of the tax upon these grounds: First, that the last named act is unconstitutional because it imposes a ten per cent. penalty for the nonpayment of the tax; second, because it authorized the funding of the debt in such a way as to release the taxpayers from unpaid taxes which had been assessed during the years between 1876 and 1884, thereby imposing a burden upon those who have since acquired or improved property in the precinct; third, because the act has never been ratified by the vote of a majority of the voters of the precinct; fourth, that if the act be not construed to acquit the taxpayers from the assessments prior to 1884, then the board have illegally failed to provide for their collection.

The ten per cent. penalty by a failure to pay the tax does not by the law go to the bondholder. It becomes a part of the precinct

fund for the payment of the debt. It is provided in order to hasten payment, that the needs of the municipality may be met, as well as to cover costs arising from advertising the delinquent or some other costs created by his failure to pay. In this instance the act does not provide how it is to be collected, and the liability of the taxpayer arises from his failure to discharge his duty. The act did not require its ratification by the people of the precinct. The legislature could have named the members of the "funding board" and not have submitted their election to the voters of the precinct. In fact, as the precinct had created the debt the legislature could have imposed the tax to pay it. The act does not speak of any assessment that had been made prior to its passage, and in no way provides for their collection or gives any authority to the board created by it to do so. The legislature has undoubted right to make provisions as to the funds and revenues of a municipal corporation. Its power to regulate taxes is supreme provided it keeps within constitutional limits. There can be no question but what in this instance it had the right to authorize the precinct to compromise and settle its debt.

The appellant purchased and improved his property not only after the passage of the act, but subsequent to the election of the board; and the act made all the taxable property in the precinct equally liable. Hardships may exist under it; but it is impossible to so adjust public burdens as to avoid it altogether. Thus duplicate taxation may incidentally result and be unavoidable. In this instance the tax is not imposed upon a false principle; it produces no gross inequality of burden, but affects all the taxpayers of the precinct equally. The debt of the precinct was lessened by the compromise, thereby benefitting all of its taxpayers, and then the tax to pay the remainder of the debt was imposed alike upon all of them.

Judgment *affirmed.*

*Owen and Ellis, for appellant.*

*W. B. Noe, for appellees.*